UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:07-CV-648-H

MYRA PARKS, on behalf of herself and all         PLAINTIFF
others similarly situated

V.

RAINBOW RENTALS, INC. d/b/a                      DEFENDANT
RENT-A-CENTER, INC.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Myra Parks ("Parks") has sued Defendant Rainbow Rentals, Inc. d/b/a Rent-A-Center ("Rent-A-Center")[1] alleging that Rent-A-Center invaded Parks' privacy (Count I); violated the Kentucky Consumer Protection Act ("KCPA")(Count II); violated Ky. Rev. Stat. Ann. § 365.725 ("Destruction of Records Containing Personally Identifiable Information") (Count III); violated Ky. Rev. Stat. Ann. § 514.160 ("Theft of Identity")(Count IV), and committed gross negligence and reckless disregard for Parks's rights (Count VI).[2] Pending before the Court is Defendant's motion to dismiss all these claims.

I.

At this early stage of the proceedings, the parties have not completed discovery. Rent-A-Center asks the Court to dismiss the claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Such a motion requires this Court to construe the complaint in the light

---

[1] Defendant asserts it is incorrectly named in the Complaint and should be identified as Rent-Way, Inc. d/b/a Rent-A-Center.

[2] There is no Count V in the Complaint.

most favorable to Plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998), and to accept all the complaint's factual allegations as true. *Id.* The Court may not grant such a motion to dismiss based on disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion, and "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

## II.

The complaint states facts construed in the light most favorable to Parks as follows. Parks rented furniture from Rent-A-Center and agreed to pay a set rental fee each month. Parks signed a contract which provided Parks with the right to buy the furniture from Rent-A-Center at the end of the rental period by paying an additional sum. According to Parks, Rent-A-Center demanded an "inflated amount" to buy the furniture. Parks apparently did not pay this amount, because she was attempting to correct what she viewed as an "overcharge." In the meantime, Rent-A-Center attempted to collect money from Parks by posting multiple copies of a computer printout account worksheet on the outside of Parks' home. The account worksheet contains Parks' name, address, telephone number, and social security number and indicates that she owes $61.98. Below this information, the words "Past Due!!!" appear in large handwritten lettering. Parks says the account worksheets were visible to anyone who passed by Parks' home.

III.

Parks says that Rent-A-Center invaded her privacy by posting statements on the front door of her home. The statements asserted that she was not current on her financial obligation, and also listed her social security number.

Kentucky has adopted the privacy tort analysis set forth in the Restatement (Second) of Torts. *See McCall v. Courier-Journal & Louisville Times Co.,* 623 S.W.2d 882, 887 (Ky. 1981). The pertinent sections provide:

> (1) One who invades the right of privacy of another is subject to liability
> for the resulting harm to the interests of the other.
> (2) The right of privacy is invaded by . . .
>     (c) unreasonable publicity given to the other's private life, as
> stated in §652D . . .

Rest. 2d. Torts §652A.

> One who gives publicity to a matter concerning the private life of
> another is subject to liability to the other for invasion of privacy, if the
> matter publicizes is of a kind that
>     (a) would be highly offensive to a reasonable person, and
>     (b) is not of legitimate concern to the public.

Rest. 2d. Torts §652D.

Even prior to *McCall's* adoption of the Restatement, Kentucky courts had found private information "publicized," when the information was "conspicuous" or readily visible to the public. *See Brents v. Morgan*, 299 S.W. 967 (Ky. 1927)(allowing a right of privacy claim to proceed against a defendant who placed a five by eight foot sign describing plaintiff's debt in a show window where it was "conspicuous to all person passing on the street"); *Thompson v. Adelberg & Berman, Inc.*, 205 S.W. 55 (Ky. 1918)(allowing a libel claim to proceed against a defendant clothing store whose agent placed "numerous yellow cards" on the front door and in

3

the windows of plaintiff's house and "placed one in a stick" which was driven "two feet from the sidewalk" where the cards were "visible to the public" and "could easily be seen by the public from almost any angle"). By contrast, the right to privacy is not violated under Kentucky law when a creditor mails a letter to plaintiff's employer notifying it of the employee's delinquent account. *Voneye v. Turner*, 240 S.W.2d 588 (Ky. 1951). Nor is there an invasion of privacy where a defendant store sends copies of its shoplifting investigation report to plaintiff's supervisors and places a copy on plaintiff's windshield. *Dotson v. Wal-Mart Stores, Inc.*, 165 F.3d 27 (6th Cir. 1998)(unpublished opinion).

One federal court applying Kentucky law has held that "the size of the public is irrelevant" to determining whether a private matter has been given publicity. *See McSurely v. McClellan*, 753 F.2d 88, 112 (D.C. Cir. 1985)(interpreting Kentucky law and noting that "the publication requirement may also be satisfied by proof of disclosure to a very limited number of people when a special relationship exists between the plaintiff and the 'public' to whom the information has been disclosed."). The *McSurely* court also recognized that the "right to privacy is important if it exposes private facts to *a public* whose knowledge of those facts would be embarrassing to the plaintiff. *Such a public might be . . . a particular public such as fellow employees, club members, church members, family or neighbors . . .*" *Id.* (emphasis in original, quoting *Beaumont v. Brown*, 257 N.W.2d 522, 531 (Mich. 1977)).

On the other hand, the Comment to §652D of the Restatement offers a more narrow view, stating, publicity "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge . . . It is one of a communication that reaches, *or is sure to reach*, the

public . . . Thus it is not an invasion of the right of privacy . . . to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." Rest. 2d. Torts §652D cmt a (emphasis added).

Rent-A-Center argues that no private matter was "publicized" under the standard described in the Restatement as there is no evidence that anyone actually passed by Parks' home or saw the account worksheets.[3] Parks argues that here, the "public" was her neighbors, friends, and family - the very audience that Parks would be embarrassed to have learn of her delinquent account. Admittedly the visibility here seems less than that produced by the eight foot by five foot sign posted in *Brents* or the yellow placard placed on a stick two feet from the sidewalk in *Thompson*. On the other hand, the potential audience (anyone who passed by) was larger than the single person to which private information was publicized in *McSurely*, or the limited audience that received embarrassing information about the plaintiffs in *Voneye* and *Dotson*. As yet no one is certain whether anyone saw the posted statement.

Though a close question, accepting as true Parks' allegation that Rent-A-Center posted "multiple copies" of the account worksheet "on the outside of her home" in a manner that was "visible to anyone passing by, " these allegations are sufficient to state a claim for invasion of privacy under Kentucky law. *See Voneye*, 240 S.W.2d at 590 (observing that "many of the invasions of the right of privacy for which recovery has been sought are the result of unwarranted and humiliating methods put in motion by creditors to collect debts."). Thus, the Court will deny Rent-A-Center's motion to dismiss Parks' claim for invasion of privacy at this

---

[3]Parks' Complaint alleges that multiple copies of the Account Worksheet on the outside of her home. By contrast, Rent-A-Center says that only "one copy" was "allegedly placed on Parks's door."

time.

### IV.

Parks also argues that Rent-A-Center used or employed unfair, false, misleading, deceptive or unconscionable practices in its dealings with her in violation of KCPA. KCPA provides for recovery for:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and *thereby suffers any ascertainable loss of money or property, real or personal*, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action . . . Nothing in this subsection shall be construed to limit a person's right to seek punitive damages where appropriate.

Ky. Rev. Stat. Ann. § 367.220(1)(emphasis). Rent-A-Center argues that Parks has not suffered any "ascertainable loss" as required by the Act. Parks concedes that she has not paid the amount that Rent-A-Center claimed was due, but argues that Rent-A-Center's attempt to collect more than what Parks actually owed constitutes a "potential for loss." She also argues that she has actually lost "property" in the form of "the right to have one's social security number protected."

The parties disagree on whether KCPA applies to allegedly wrongful efforts to collect a debt where the disputed debt remains unpaid. Although this Court has allowed a KCPA claim to proceed where a bank was attempting to collect (but had not been successful in collecting) a debt that the plaintiff disputed he owed, it was not directly presented with the question of whether a debt constitutes an "ascertainable loss." *See Stafford v. Cross County Bank*, 262 F. Supp. 2d 776 (W.D. Ky. 2003). By contrast, where a plaintiff failed to show he suffered any loss as a result of an allegedly unlawful practice, the KCPA did not apply. *See Schlenk v. Ford Motor Credit Co.*, 308 F.3d 619 (6th Cir. 2002).

In the absence of direct guidance on what constitutes an "ascertainable loss" of property

and in view of Kentucky courts' generally broad interpretation of KCPA, the Court will allow Parks' KCPA claim to proceed. *See, e.g. Craig & Bishop, Inc. v. Piles*, 247 S.W.3d 897, 904 n.11 (noting that the "Kentucky legislature created a statute which has the broadest application in order to give Kentucky consumers the broadest possible protection for allegedly illegal acts.").

V.

Parks also claims that Rent-A-Center violated the recently enacted Ky. Rev. Stat. Ann. § 365.725, which provides:

> When a business disposes of, other than by storage, any customer's records that are not required to be retained, the business shall take reasonable steps to destroy, or arrange for the destruction of, that portion of the records containing personally identifiable information by shredding, erasing, or otherwise modifying the personal information in those records to make it unreadable or indecipherable through any means.

Ky. Rev. Stat. Ann. § 365.725. Personally identifiable information includes, among other indentifiers, a customer's name, address, telephone number, and Social Security number. Ky. Rev. Stat. Ann. § 365.720(4). In the absence of any federal or Kentucky interpretation of this statute, the Court must predict whether Kentucky law would recognize Rent-A-Center's posting of Parks' social security number on the account worksheet as unreasonably "dispos[ing] of" personally identifiable information.

Parks argues that because Rent-A-Center posted the account worksheets with no intention of retrieving them, it had effectively "disposed of" of the record of her social security number, rendering Rent-A-Center liable under the statute. Rent-A-Center counters that such an expansive interpretation of "disposes of" would lead to the absurd result that a business would be required to redact all personally identifiable information any time it corresponded with its

customers.

The Court agrees with Rent-A-Center that its actions here do not amount to "disposing of" Parks' personal information. Kentucky courts recognize statutory interpretation as a matter of law, which requires the court to "interpret the statute according to the plain meaning of the act and in accordance with legislative intent." *Com. v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002). The plain meaning of "dispose of" does not include posting account worksheets as a debt collection tactic. Accordingly, the Court finds that Parks has failed to state a claim for violation of Ky. Rev. Stat. Ann. § 365.725 and it will dismiss that claim.

## VI.

Parks further claims that Rent-A-Center committed identify theft. Kentucky law provides:

> A person is guilty of the theft of the identity of another when he or she knowingly possesses or uses any current or former identifying information of the other person or family member . . . such as that person's . . . Social Security number . . .with the intent to represent that he or she is the other person . . .

Ky. Rev. Stat. Ann. 514.160(1). Parks has not alleged that Rent-A-Center or its agents intended to represent that it or they were Parks. Absent any such allegation, Parks has not stated a claim for identity theft and the Court will therefore sustain Rent-A-Center's motion to dismiss this claim.

## VII.

Finally, in Count VI Parks alleges that Defendant acted with gross negligence and reckless disregard of Parks' rights. Parks acknowledges that this claim is "not a separate cause of action" but is asserted to "reinforce that [she] is entitled to recover punitive as well as

compensatory damages." Thus, Parks' entitlement to punitive damages would be derivative of her success on the remaining claims (invasion of privacy and violation of KCPA). The KCPA expressly provides that punitive damages may be awarded in appropriate cases. *See Craig & Bishop, Inc.*, 247 S.W.3d 897, 905 (Ky. 2008). Under Kentucky law, a plaintiff is entitled to punitive damages where he has proved "misconduct of a character evidencing 'a wanton or reckless disregard for the lives, safety or property of other persons.'" *Horton v. Union Light, Heat & Power Co.*, 690 S.W.3d 382, 390 (Ky. 1985). Though Parks will bear a heavy burden, the Court does not find that Parks is barred, as a matter of law, from seeking punitive damages. Consequently the Court will deny Rent-A-Center's motion to dismiss Parks' allegation of gross negligence.[4]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motions to dismiss are SUSTAINED IN PART and Plaintiff's claims under Ky. Rev. Stat. Ann. § 365.725 and for identity theft are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motions to dismiss are DENIED as to Plaintiff's claims of invasion of privacy and violation of the Kentucky Consumer Protection Act.

This is not a final order.

---

[4]Parks' Complaint also purports to bring class claims on behalf of a class defined as:

[A]ll persons who purchased or rented household items from Defendant in the Commonwealth of Kentucky and who in the last five years had Defendant use collection efforts which exposed their personally identifiable information or alleged indebtedness to the public.

As Parks has not moved for class certification, the Court expresses no opinion at this time on the propriety of a class action for adjudication of the remaining claims.

cc: Counsel of Record